EXHIBIT B

**STATE OF NEW MEXICO**
**SEVENTH JUDICIAL DISTRICT COURT**
**COUNTY OF SIERRA**

James GOTON,

        Plaintiff,

v.                               D721cv2012.07

Sierra County Sheriff's Deputies Noah Thomas PESTAK,
Luis ORTEGA, Joel TREJO,
Jeff JONES, Clayton REID,
SIERRA COUNTY SHERIFF'S DEPARTMENT,

        Defendants.

## SUMMONS
## THE STATE OF NEW MEXICO

TO:    **Clayton REID**
        311 North Date Street
        Truth or Consequences, NM 87901
        (575)-894-9150

Greetings:

    This summons notifies you that a Complaint has been filed against you. You are required to file an Answer to the Complaint, or a responsive motion, within **THIRTY DAYS AFTER THE SUMMONS HAS BEEN SERVED ON YOU**. You must file the Answer or responsive motion with the Clerk of the District Court and you must serve a copy of the Answer or responsive motion on the opposing party.

    IF YOU DO NOT FILE AND SERVE AN ANSWER OR RESPONSIVE MOTION WITHIN THE THIRTY DAY PERIOD, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER RELIEF DEMANDED IN THE COMPLAINT.

Address of District Court: 311 Date Street, PO Box 3009, Truth or Consequences, NM 87901

Name & address of Plaintiff's attorneys:    **Law Office of Derek V. Garcia, Esq.**
                                       1000 2nd Street, NW
                                       Albuquerque, NM 87102
                                       (505) 333-8030   fax  (505) 244-1406

    WITNESS the Honorable Matthew G. Reynolds, District Judge of said Court of the State of New Mexico and the Seal of the District Court of said County, this 3rd day of Jan, 20 12 .

Maliza Apodaca
CLERK OF THE DISTRICT COURT

By: Lici Trapei
    Deputy

**RETURN**

STATE OF NEW MEXICO
COUNTY OF SIERRA

       I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the_____day of _____, 20_____, by delivering a copy thereof, with a copy of Complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

( )     To the Defendant _____ (used when Defendant receives copy of summons or refuses to receive summons)

( )     To _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, who at the time of such service was absent therefrom.

( )     By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode)

( )     To _____, an agent authorized to receive service of process for Defendant _____.

( )     To _____, (parent) (guardian) of Defendant _____ (used when Defendant is a minor or an incompetent person)

( )     To _____ (name of person), _____, (title of person authorized to receive service) (used when Defendant is corporation or association subject to a suit under common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

FEES:

                                    Signature of Person Making Service

                                      Title (if any)

*SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20_____.

_____   My commission expires:_____
Judge, Notary or Other Officer
Authorized to Administer Oath

*If service is made by a sheriff or deputy sheriff of a New Mexico County, the signature of the sheriff or deputy sheriff need not be notarized.

**STATE OF NEW MEXICO**
**SEVENTH JUDICIAL DISTRICT COURT**
**COUNTY OF SIERRA**

STATE OF NEW MEXICO
SEVENTH JUDICIAL DISTRICT COURT
FILED 12:04p
JAN 3 1 2012
Maliza Apodaca
COURT CLERK
BY Lisa Frazier    DEPUTY

COPY

James GOTON,

        Plaintiff,

v.

cv D721 CV 2012 17
Matthew G. Reynolds

Sierra County Sheriff's Deputies Noah Thomas PESTAK,
Luis ORTEGA, Joel TREJO,
Jeff JONES, Clayton REID,
SIERRA COUNTY SHERIFF'S DEPARTMENT,
        Defendants.

## COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS

### JURISDICTION AND VENUE

       Plaintiff brings this complaint under 42 U.S.C. Section 1983 and the New Mexico Tort Claims Act ("The Act") for damages resulting from the Deprivation of Civil Rights inflicted upon him by Defendant Sheriff's Deputies. The court has jurisdiction of this action (28 U.S.C. Sec. 1343) and of the parties. Venue is proper in this judicial district as the incident complained of occurred in this district. Plaintiff alleges as follows:

### PARTIES

1.     Plaintiff James Goton ("Plaintiff") is both a citizen of New Mexico and a citizen of the United States, and a resident of Caballo, County of Sierra, State of New Mexico. He is seventy three (73) years old (DOB: 7/26/1938).

2.     Defendant Pestak is a law enforcement officer and Sheriff's Deputy for Sierra County. At all times material, Defendant Pestak was acting under color of state law and in the course and scope of his employment as a law enforcement officer for Sierra County. He is sued in his

individual capacity.

3.      Defendant Luis Ortega is a law enforcement officer and Sheriff's Deputy for Sierra County. At all times material, Defendant Ortega was acting under color of state law and in the course and scope of his employment as a law enforcement officer with Sierra County. He is sued in his individual capacity.

4.      Defendant Joel Trejo is a law enforcement officer and Sheriff's Deputy for Sierra County. At all times material, Defendant Trejo was acting under color of state law and in the course and scope of his employment as a law enforcement officer with Sierra County. He is sued in his individual capacity.

5.      Defendant Clayton Reid is a law enforcement officer and Sheriff's Deputy for Sierra County. At all times material, Defendant Reid was acting under color of state law and in the course and scope of his employment as a law enforcement officer with Sierra County. He is sued in his individual capacity.

6.      Defendant Sierra County Sheriff's Department is a governmental entity as defined in the Act, constituting a Department for the State of New Mexico, and employer of the individually-named defendants.

## FACTUAL BACKGROUND

7.      Plaintiff Jim Goton is the owner of a gas station in Caballo, NM, called Lakeview R.V. Park. He runs the gas station as a small business with his wife Bev Goton, about fifteen miles south of Truth or Consequences, near the intersection of state road 152 and state road 187.

8.      On May 16, 2011, at about 5:50 am, a Chrysler bearing temporary plates pulled up to the Goton's pumps, followed by three trucks with the United States Border Patrol.

9.      The driver of the Chrysler, Dennis Siivola, was being investigated by Border Patrol Agent Connie Williams for erratic driving behavior.

10.     The Border Patrol's trucks were blocking both lanes of Goton's gas pumps, preventing customers from reaching any fuel.

11.     At about 6:20 a.m., Plaintiff Goton calmly asked these agents with the Border Patrol if they wouldn't mind moving their trucks, freeing the lanes to the pumps, and so as not to interfere with Plaintiff's livelihood and business.

12.     The agents respectfully replied they would and moved two of the four trucks, allowing access to one lane for the pumps.

13.     Shortly thereafter, two Defendants Deputy Sheriff's (Pestak and Ortega) arrived at Plaintiff's gas station to assist with the traffic stop, each in separate trucks.

14.     Defendants Pestak and Ortega again blocked the access to Plaintiff's business as they took control of scene, assisting Agent Williams.

15.     After a few more minutes, at least two more vehicles with the Sierra County Sheriff's department arrived, including those of Defendant Reid and Jones, further blocking access to Plaintiff's business.

16.     Plaintiff waited a few more minutes for the six vehicles to conclude their investigation of the traffic stop before again approaching the defendants.

17.     Upon exiting his store, Plaintiff Goton calmly asked, 'Who was in charge here?' to which Defendant Pestak raised his hand, answering that 'he was,' in what Plaintiff describes as a rude and arrogant manner.

18.     Plaintiff Goton again asked if the Defendant's could clear access to the pumps, as they were interfering with operation of his business.

19.     Defendant Pestak then stated in a hostile tone that Plaintiff Goton should return to his store or he would be arrested.

20.     As the owner of the private property, Plaintiff Goton felt he had the right to stand in place in the driveway.  Plaintiff Goton stated that he would remain standing on his property, becoming defensive.

21.     At this point, Defendant Pestak informed Plaintiff that he would be arrested.

22.     Plaintiff asked what he was being arrested for, and on what charges.

23.    Before Defendants provided an answer, Defendant Pestak grabbed the right side of Plaintiff's shirt and tried to put handcuffs on Plaintiff.

24.    Defendant Pestak ripped Plaintiff's shirt.

25.    Defendant Ortega assisted Defendant Pestak by slamming Plaintiff up against their patrol unit, and attempting to place Plaintiff's left arm behind his back.

26.    Defendant Trejo assisted in the arrest by attempting to gain control of Plaintiff's arms and wrists.

27.    After placing a handcuff on Plaintiff's right wrist, Defendant Pestak began twisting Plaintiff's arm, causing him a great deal of pain.

28.    Defendant Pestak threatened to apply the use of his taser to Plaintiff at least three times, although Plaintiff never threatened the use of force against Defendants.

29.    Defendant Ortega struck Plaintiff from behind the knees, taking him to the ground.

30.    Plaintiff fell on top of Defendant Ortega.

31.    Unable to catch his breath, Plaintiff felt that he was having a heart attack.

32.    After informing Defendants three times that Plaintiff felt he was having a heart attack, Defendants sought the assistance of a an EMT, Border Agent Meechem.

33.    After being released by Defendant's, Agent Meechem took Plaintiff's blood pressure (225 over 190), and told him to relax, breathe deeply, and to try and calm down until an ambulance could arrive.  Plaintiff fully consented to this treatment.

34.    A first-responder with the Caballo Fire Department arrived, took Plaintiff's blood pressure, and rendered assistance by providing Plaintiff with oxygen.

35.    A second, Sierra Ambulance arrived and wanted to transport Plaintiff to the hospital in Truth or Consequences, believing that Plaintiff was having a "small heart attack."

36.    Plaintiff Goton consented to being hooked up to a monitor to read his vital signs.

37.    Plaintiff Goton did not want to be taken to the hospital in Truth or Consequences.

38.     Plaintiff informed everyone that, as a result of a prior stroke, he could not place his hand and arm behind his back.

39.     Defendant Reid asked Plaintiff if he could be handcuffed from the front, and executed the formal arrest of Plaintiff.

40.     Plaintiff was taken to the Defendants' truck and asked to sit down in the back seat.

41.     Plaintiff requested that the handcuffs be taken off temporarily, as it was physically difficult to get in the back seat of the truck.

42.     Plaintiff's wife Beverly arrived, needing the keys to the store, and retrieved Plaintiff's keys, pocket knife, money clip, and Leatherman with flashlight, from his belt.

43.     After seating Plaintiff in the backseat, Defendants again handcuffed Plaintiff.

44.     Defendant Pestak drove the truck with Plaintiff in custody, at times exceeding 80 miles per hour at I-25 Exit 63.

45.     Defendant Pestak was driving over 90 mph at Williamsburg Ext 75, while simultaneously sending text messages from his cellular telephone.

46.     Defendant Pestak drove over 60 mph through Williamsburg, despite having no clear emergency to which he was responding.

47.     After arriving at the Sierra County Detention Center, Defendant Pestak supervised Plaintiff's booking.  Plaintiff was fingerprinted by jail personnel and booked.

48.     After a few more minutes, Plaintiff's wife arrived, paid a $2000 cash bond, and Plaintiff was released.

49.     On May 16, 2011, Defendant Pestak caused Plaintiff to be charged with resisting and obstructing an officer in *State v. James P. Goton,* Docket No. M-51-MR-2011-00171, Sierra County Magistrate Court.

50.     Plaintiff retained Attorney Anthony J. Filosa to defend him on the criminal charges.

51.     On September 19, 2011, Senior Trial attorney Mercedes Murphy entered a *Nolle Prosequi,* declining to further prosecute Plaintiff "in the interests of justice."

52.     On August 9, 2011, Attorney Anthony Filosa provided a valid tort claim notice under 41-4-16, NMSA 1978.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I – UNREASONABLE SEIZURE (ARREST)
### (PLAINTIFF GOTON V. ALL DEFENDANTS)

53.     Plaintiff incorporates herein his allegations in paragraphs 1-52 as if stated herein.

54.     Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person by detaining him, arresting him, and charging him with a crime without probable cause.  The charges lacked probable cause as Defendant placed Plaintiff under arrest for merely asking that Defendants not block access to his private business.

55.     Defendants' actions constituted a seizure within the meaning of the Fourth Amendment's prohibition of unreasonable seizures.

56.     The detention and charging of Plaintiff was wrongful, without reasonable suspicion or probable cause, and deprived Plaintiff of his Fourth Amendment right to be free of unreasonable seizures.

57.     The actions of Defendants were both the actual and proximate cause of damages to Plaintiff as previously alleged.

58.     Defendants acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional rights.  As a result of the nature of Defendants' conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

### COUNT II - PROSECUTION WITHOUT PROBABLE CAUSE
### (PLAINTIFF GOTON V. DEFENDANT PESTAK)

59.     Plaintiff incorporates herein his allegations in paragraphs 1 - 58 as if stated herein.

60.    Plaintiff has and had a right to be free from prosecution without probable cause as guaranteed by U.S. Const. amends. IV and XIV.

61.    Defendant Pestak caused the charging of Plaintiff with resisting, evading, or obstructing an officer (resisting or obstructing, contrary to NMSA 1978, § 30-22-01 (A)), for which there was no probable cause, in the Magistrate Court of Sierra County, State of New Mexico.

62.    At the time Defendant Pestak prosecuted Plaintiff with these crimes, he knew that the charges were groundless against Plaintiff and that they lacked probable cause.

63.    Despite this knowledge, Defendant caused the charging of plaintiff with crimes that lacked probable cause and pursued criminal charges against the Plaintiff for months after his wrongful arrest.

64.    The prosecution was irregular due to the lack of probable cause.

65.    Defendant maliciously prosecuted plaintiff for improper purposes.

### COUNT III – EXCESSIVE FORCE
### (PLAINTIFF GOTON V. DEFENDANT PESTAK, ORTEGA, TREJO)

66.    Plaintiff incorporates herein his allegations in paragraphs 1 – 65 as if stated herein.

67.    Plaintiff has and had a Fourth Amendment right to be free of unreasonable seizures and arrests conducted through the excessive use of force, regardless of whether probable cause existed for an arrest.

68.    Defendants denied Plaintiff the right to be free of unreasonable seizures and excessive force when they caused injuries and pain to his arms and legs, aggressively shoved him against their police vehicles, and forcibly took Plaintiff to the ground.

69.    Defendants have never alleged that Plaintiff committed any acts of violence or any other offenses for which a proportionate amount of force would be reasonable, nor did Plaintiff verbally threaten the use of violence or force at any time.

70.    The force Defendants applied was objectively unreasonable under the true circumstances.

71.     Defendants' actions were willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights.

72.     At all times material hereto, Defendants were acting as a public employees.

73.     Plaintiff has rights guaranteed under U.S. Amend IV to be free of the use of excessive force, regardless if he is the suspect of a crime for which there may or may not be probable cause.

74.     Defendants caused personal and bodily injury to Plaintiff through causing shoulder bruises, for which medical treatment was required.

75.     The force employed by Defendants constituted a disproportionate use of force to the threat reasonably perceived.

76.     Defendants did not have a reasonable basis to believe their lives were in imminent danger, or that they would sustain great bodily harm or severe injury.

## COUNT IV: RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHT OF FREEDOM OF SPEECH

### (PLAINTIFF GOTON V. ALL DEFENDANTS)

77.     Plaintiff restates each of the proceeding allegations as if fully stated herein.

78.     Plaintiff has and had a First Amendment right to freedom of speech.

79.     Plaintiff was exercising his First Amendment right to nonviolently express his displeasure at being interrupted from his daily business and operation of his small store.

80.     Defendants retaliated by causing Plaintiff to be accused of crimes falsely, handcuffed, arrested, and prosecuted without probable cause.

81.     Defendants lost control of their anger when Plaintiff used strong language.

82.     Plaintiff was arrested in retaliation for his speech.

83.     Plaintiff was charged with crimes, unsupported by probable cause, in retaliation for his exercise of free speech.

84.     Such retaliatory conduct chills both Plaintiff's speech and other people similarly situated.

85.     The actions of Defendants were intentional, willful and wanton, as they knew they were charging Plaintiff only because he had exercised his freedom of speech, entitling Plaintiff to punitive damages.

86.     Plaintiff has suffered damages as a result of Defendant's actions, including criminal defense attorney's fees, physical injury, property damage, and emotional distress.

## STATE CONSTITUTIONAL AND TORT CLAIMS
## COUNT V: UNREASONABLE SEARCH AND SEIZURE

87.     Plaintiff restates each of the proceeding allegations as if fully stated herein.

88.     Plaintiff has and had a right to be free from unreasonable searches and seizures as guaranteed under Article II, Section 10 of the New Mexico Constitution.

89.     Defendants were the actual and proximate causes of injury to Plaintiff, as alleged above.

## COUNT VI: BATTERY, PERSONAL INJURIES, AND EXCESSIVE FORCE

90.     Plaintiff restates each of the proceeding allegations as if fully stated herein.

91.     The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the Constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties. See N.M. Stat. Ann. § 41-4-12.

92.     Pursuant to statute and the New Mexico Tort Claims Act, Defendants are not immune to claims for damages associated with the unlawful and excessively forceful arrest and imprisonment of Plaintiff.

93.     Defendants caused personal injuries to Plaintiff as stated in the aforementioned paragraphs.

## COUNT VII: FALSE IMPRISONMENT AND ARREST

94.    Plaintiff restates each of the proceeding allegations as if full stated herein.

95.    Defendants were the actual and proximate causes of injury to Plaintiff when they arrested him and held him against his will without probable cause, as stated in the preceding paragraphs.

## COUNT VIII: MALICIOUS PROSECUTION AND ABUSE OF PROCESS

96.    Plaintiff restates each of the proceeding allegations as if fully stated herein.

97.    Defendants were the actual and proximate causes of injury to Plaintiff when they caused the charging of him for crimes without probable cause and pursued criminal actions against him for months after his wrongful arrest.

98.    Defendant acted willfully, knowingly and purposefully and/or with deliberate indifference to deprive Plaintiff of his Constitutional rights.   As a result of the nature of Defendant's conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

I.    Actual and compensatory damages sufficient to make him whole against the Defendants.

II.    Punitive damages against Defendants sufficient to punish them and to deter further wrongdoing;

III.    Attorneys' fees, litigation expenses, costs, pre- and post-judgment interest as provided by law; and

IV.    Specific relief, in the form of a written apology from the individual Defendants involved.

V.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,


**DEREK GARCIA**

Law Office of Derek V. Garcia, Esq.
1000 Second Street NW
Albuquerque, New Mexico 87102
(505) 333-8030 (Area Code Req'd)
Fax (505) 244-1406

derek@derekgarcialaw.com
dvg@civilrightslawnewmexico.com
http://www.derekgarcialaw.com