IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES GOTON,**

       **Plaintiff,**

v.                                              CIV 12-0194 GBW/LAM

**Sierra County Sheriff's Deputies**
**NOAH THOMAS PESTAK, LUIS ORTEGA,**
**JOE TREJO, JEFF JONES,**
**CLAYTON REID, et al.**

       **Defendants.**

## ORDER GRANTING MOTION TO STAY DISCOVERY

**THIS MATTER** comes before the Court on *Defendants' Opposed Motion for a Stay of Discovery (Doc. 13)*, filed March 21, 2012. Plaintiff filed his response April 4, 2012 [*Doc. 19*],[1] and Defendants filed their reply April 13, 2012 [*Doc. 21*]. A scheduling order has not been entered in this case. Having considered the motion, response, reply, record of the case, and relevant law, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

Defendants ask the Court to stay discovery in this case pending a ruling on their motion to dismiss based on qualified immunity. [*Doc. 13* at 1-3]. Plaintiff states in his response that because he has responded to the motion to dismiss without needing additional discovery, "a concurrent stay is unnecessary pending a ruling on claims of qualified immunity," and Plaintiff asks that the Court set a Fed. R. Civ. P. 16 scheduling conference. [*Doc. 19* at 2]. The Court finds that Plaintiff's opposition to the motion to stay is without merit. Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. *Jiron*

---

[1] The Court notes that Plaintiff's response is titled a response to Defendants' motion to dismiss, but it instead appears to be a response to Defendants' motion to stay discovery.

*v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (explaining that when qualified immunity is raised, "pretrial matters [such] as discovery are to be avoided if possible, as inquiries of this kind can be particularly disruptive of effective government") (citation and internal quotation marks omitted); *Workman, et al. v. Jordan, et al.*, 958 F. 2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation, . . . [and d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred.") (citation omitted). Defendants' motion to dismiss is, in part, based on qualified immunity and, if granted, would dispose of the entire case. Although Plaintiff concedes that he was able to respond to the motion to dismiss without any discovery [*Doc. 19* at 2], Plaintiff fails to state what discovery is necessary at this juncture of the case. For these reasons, the Court will follow the general rule that Defendants are entitled to a stay of discovery pending a ruling on their qualified immunity motion.

**IT IS THEREFORE ORDERED** that *Defendants' Opposed Motion for a Stay of Discovery (Doc. 13)* is hereby **GRANTED** and discovery is stayed pending a ruling on Defendants' motion to dismiss based on qualified immunity.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**