IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES GOTON,

    Plaintiff,

v.                                                       CV 12-194 GBW/CG

NOAH THOMAS PESTAK,
LUIS ORTEGA, JOE TREJO,
JEFF JONES, CLAYTON REID,
SIERRA COUNTY SHERIFF'S
DEPARTMENT,

    Defendants.

**ORDER DENYING LEAVE TO AMEND**

This matter is before the Court on Plaintiff's Motion for Leave to Amend. *Doc. 56*. The Court held a hearing on this Motion on January 11, 2013. *Doc. 111*. For the reasons set forth in this order and at the hearing, the Court **DENIES** Plaintiff's Motion.

I.    PROCEDURAL BACKGROUND

On September 25, 2012, the Court issued a scheduling order stating that Plaintiff's deadline to amend the complaint was October 19, 2012. *Doc. 47*. On October 19, 2012, Plaintiff filed his Motion for Order for Leave to File First Amended Complaint. *Doc. 56*. In his motion, Plaintiff requested leave to amend the Complaint to accomplish the following: 1) termination of Defendant Jeff Jones from the matter; 2) the supplementation of additional facts pertaining to the ownership of the gas station at issue as well as arising from discovery conducted thus far; 3) correction of the caption to

include the Board of County Commissioners for Sierra County (Defendant Board) and to exclude any claims for punitive damages against this Defendant; and 4) the addition of a new Count V, claiming damages against Defendant Board on the basis of negligent hiring, retention, supervision, and policy. *Id*. at 2 & Ex. A.

Defendant Noah Thomas Pestak filed a notice of nonopposition to amendment on October 30, 2012. *Doc. 61*. The remaining Defendants filed their opposition to Plaintiff's motion on November 2, 2012. *Doc. 65*. Plaintiff filed his notice of briefing complete on December 11, 2012, in which he noted that a reply was unnecessary. *Doc. 95* at 1. On January 4, 2013, the Court scheduled a hearing on this matter. *Doc. 107*. The hearing was held on January 11, 2013. *Doc. 111*.

II.   LEGAL STANDARD FOR GRANTING LEAVE TO AMEND A COMPLAINT

Based on the timing of Plaintiff's request, he is beyond the time period during which he can amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Therefore, the "decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion," *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994), but leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

### III. PLAINTIFF'S AMENDMENT WOULD BE FUTILE

Defendants oppose the addition of Count V to the Complaint on the basis of futility. *See generally doc. 65.* The Court finds that Plaintiff's proposed amended Count does not provide a sufficient factual basis on which to premise a claim for relief, and is therefore futile.

Federal Rule of Civil Procedure (8)(a)(2) requires a "plain statement . . . showing that the pleader is entitled to relief." As the Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), this rule requires "only enough facts to state a claim to relief that is plausible on its face" in order for a complaint to survive dismissal. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court further explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Plaintiff's proposed Count V makes claims against Defendant Board of County Commissioners of Sierra County under Title 18 § 1983. *See doc. 56*, Ex. 1; *see also doc. 111* (Plaintiff's counsel agrees that claims in proposed Count V are brought under §1983). A municipality is subject to liability under § 1983 only when the violation of the plaintiff's federally protected right can be attributed to the enforcement of a municipal policy, practice, or decision of a final municipal policy maker. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's proposed Count V is based upon two distinct alleged

policies/practices: (1) failure to require the "use of belt tape recorders or videotape recorders by all officers in situations where a citizen has announced he would file a lawsuit against law enforcement officers, domestic violence situations, and/or situations in which physical contact and struggle has been made between officers and criminal suspects;" and (2) failure to "properly screen, supervise, and train" its officers. *Doc. 56, Ex. A at 12-13.*

With respect to the failure to require the use of recorders, the Court has not discovered any authority that Due Process requires the use of such devices in the circumstances described by Plaintiff. At the hearing, Plaintiff was unable to present any such authority. If Due Process does not require their use, a claim based on the municipality's failure to require their use is not a plausible claim under *Iqbal*.

With respect to the failure to train and/or screen, these failings can serve as a basis of municipal liability under Section 1983. *See City of Canton v. Harris*, 489 U.S. 378 (1989); *Board of County Commissioners v. Brown*, 520 U.S. 397, 412 (1997). However, under these theories, Plaintiff must show that the municipality's failure was the result of deliberate indifference to his constitutional rights. For example, under a "failure to train" theory, a plaintiff must demonstrate that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of [his due process] rights, that the policy-makers . . . can reasonably be said to [be] deliberately indifferent to the need for additional training." *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th

Cir. 2010) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996)).  Based on the factual allegations described in the proposed First Amended Complaint, Plaintiff has not presented a plausible claim for municipal liability under either a failure to train or screen theory.

### IV. CONCLUSION

For the foregoing reasons and those expressed at the hearing on this matter, Plaintiff has failed to present a plausible claim in his proposed Count V.  As such, permitting the proposed First Amended Complaint would be futile.  Consequently, Plaintiff's Motion for Leave to Amend, *doc. 56*, is DENIED.  The Court hereby amends the scheduling order (*doc. 47*) to permit a subsequent motion for leave to amend under Fed. R. Civ. P. 15(a) until January 30, 2013.  For amendments sought after that date, Plaintiff must show satisfy Rule 15 (a) and the "good cause" standard under Rule 16.  *See e.g., Chaara v. Intel Corp.*, No. CIV 05-278 JB/RLP, 2006 WL 4079030 at *4 (D.N.M. May 31, 2006).

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**