IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES GOTON,

    Plaintiff,

v.                                                                      No. CIV 12-0194 GBW/SMV

Sierra County Sheriff's Deputies
NOAH THOMAS PESTAK, LUIS ORTEGA,
JOE TREJO, JEFF JONES, CLAYTON REID, and
BOARD OF COUNTY COMMISSIONERS OF
SIERRA COUNTY,

    Defendants.

## ORDER DENYING MOTION

This matter comes before the Court on Defendant Sierra County's Motion for Summary Judgment as to Counts V-VIII (*doc. 134*). The Court, having reviewed the accompanying briefing (*docs. 144, 158*) and being fully advised, DENIES the Motion.

**I.**     **BACKGROUND**

Plaintiff is a 74 year old man who operates a gas station in Caballo, New Mexico. *Doc. 1*, Ex. B ¶¶ 1, 7. On May 16, 2011, at about 5:50 a.m., Plaintiff was working at the gas station when the U.S. Border Patrol pulled over Dennis Siivola for driving erratically, parking their official vehicles in front of the gas station pumps. *Id*. ¶¶ 8-10. The Border Patrol agents moved their vehicles at Plaintiff's request, but shortly thereafter Defendants Pestak, Ortega, Reid, and Jones—officers of the Sierra County

1

Sheriff's office—arrived at the gas station in separate trucks and parked in front of Plaintiff's gas pumps. *Id.* ¶¶ 11, 13-16.  Plaintiff approached Defendant Pestak about moving the vehicles and became engaged in a verbal altercation with Defendant Pestak. *Id.* ¶¶ 17-20.  The Defendants on the scene then attempted to arrest Plaintiff. *Id.* ¶¶ 21-26.  Plaintiff told Defendants that he was experiencing symptoms of a heart attack and an ambulance was called. *Id.* ¶¶ 31, 34-35.  After being treated by first responders, Plaintiff declined further medical care and was formally arrested. *Id.* ¶¶ 35-37, 39.  Plaintiff was taken to the Sierra County Detention Center, booked, and released on bond. *Id.* ¶¶ 44-48.  Plaintiff was charged with obstruction of an officer.[1] *Id.* ¶ 49.  The charges were dismissed on September 19, 2011. *Id.* ¶¶ 49, 51.

Plaintiff filed his complaint in state court on January 31, 2012. *Id.*  The Complaint sets forth four federal causes of action: (1) unreasonable seizure in violation of the Fourth Amendment as against all Defendants; (2) prosecution without probable cause in violation of the Fourth and Fourteenth Amendments as against Defendant Pestak; (3) excessive force in violation of the Fourth Amendment as against Defendants Pestak, Ortega, and Trejo; (4) retaliation in violation of the First Amendment as against all Defendants.  It also contains four state causes of action against all Defendants: (5) unreasonable search and seizure in violation of the New Mexico Constitution; (6) tortious battery, personal injury, and excessive force under the New Mexico Tort Claims

---

[1] *State v. James P. Goton*, Docket No. M-51-MR-2011-00171.

2

Act; (7) false imprisonment and arrest under state law; and (8) malicious prosecution and abuse of process under state law. *Id.* ¶¶ 53-98.

The Court dismissed Counts I and IV against Defendant Sierra County and Defendant Jones on July 12, 2012. *Doc. 28*. Defendant Sierra County filed in the instant motion seeking to dismiss the state law claims made against it in Counts V-VIII. Briefing was complete on March 8, 2013.

II. ANALYSIS

    A. **Defendant's Motion for Summary Judgment is Properly Construed as a Rule 12(c) Motion for Judgment on the Pleadings**

Summary judgment pursuant to Fed. R. Civ. P. 56 provides the means by which a party may defeat the allegation in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues to be tried. In fact, Rule 56 requires that a "party asserting that a fact cannot be … genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials…." FED. R. CIV. P. 56(c)(1). Defendant has cited to no evidentiary materials in the record, but instead relies exclusively on the allegations in Plaintiff's Complaint.[2] *See docs. 134, 158*. Defendant argues that it is entitled to dismissal of the state law claims raised against it in the

---

[2] While a "verified" complaint may be considered as an affidavit for summary judgment purposes, the instant complaint is not of that variety. *See Hayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1995).

3

Complaint because Plaintiff failed to allege that Defendant Sierra County has waived its immunity and that Plaintiff failed to allege a sufficient basis on which to find Defendant vicariously liable for the conduct of the individual officer Defendants. *Doc. 134* at 3-4. Because Defendant presents no supporting evidence and relies on the alleged deficiencies in Plaintiff's Complaint, the Motion is properly construed as a motion for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See e.g., In re Mullaney*, 179 B.R. 942, 945 (D. Colo. 1995). In a Rule 12(c) motion, the trial court is required to view the facts presented in the complaint as true and construe all reasonable inferences in favor of the nonmoving party. *See Atl. Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000) ("A motion for judgment on the pleading under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6).").

    **B.**    **Plaintiff's Complaint Adequately Pleads His Claims Against Defendant Sierra County**

Defendant argues that it is entitled to dismissal of the state law claims raised against it in the Complaint because Plaintiff failed to allege that Defendant Sierra County has waived its immunity and Plaintiff failed to allege a sufficient basis on which to find Defendant vicariously liable for the conduct of the individual officer Defendants. *Doc. 134* at 3-4. If both of Defendant's contentions are correct, there would be no basis for finding it liable under Counts V-VIII.

    As to Defendant's first contention, it is correct that N.M. Stat. § 41-4-12 does not provide a waiver of liability for governmental entities, and Plaintiff has not otherwise

4

asserted a basis on which Defendant can be held directly liable for the torts alleged by Plaintiff. *See Cal. First Bank v. State*, 11 N.M. 64, 67 (1990).

But Defendant's second contention fails. New Mexico courts have acknowledged that "absent a claim that the officers were acting outside the scope of their authority, the Police Department may be held vicariously liable for any alleged torts committed by the officers for which immunity has been waived." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 121 N.M. 646, 651 (1996). Further, the political entity (the city or county) under which the controlling entity (the police department) falls may also be sued under the doctrine of vicarious liability if the political entity has supervisory authority over controlling entity. *Id*. at 651-52. Sufficient supervisory authority is derived from a showing of either legal control or de facto control. *Id.*

In relevant part, Plaintiff specifically alleges that (1) each individual named Defendant was "a law enforcement officer and Sheriff's Deputy for Sierra County [who] was acting under color of state law and in the course and scope of his employment as a law enforcement officer with Sierra County;" and (2) Defendant Sierra County[3] was their employer. *Doc. 1* ¶¶ 2-6. Moreover, the facts described in the Complaint describe actions that would ordinarily be considered within the course and scope of a law enforcement officer's employment. As such, Plaintiff's Complaint includes allegations

---

[3] *See doc. 28* at 10 (court substituting Defendant Sierra County for Defendant Sierra County Sheriff's Department).

5

adequate to potentially establish the vicarious liability of the County.[4] *See Cal. First Bank*, 111 N.M. at 69 ("[T]he allegation in the complaint that the sheriff deputies were acting as 'agents, servants, or employees of the McKinley County' precluded judgment on the pleadings in favor of the County and entitled plaintiff 'to prove the requisites for application of the doctrine of respondeat superior.'").

VI. CONCLUSION

For the foregoing reasons, Defendant Sierra County's Motion for Summary Judgment as to Counts V-VIII is construed as a motion for judgment on the pleadings under Rule 12(c) and is **DENIED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[4] Defendant argues that, because Plaintiff was charged pursuant to a state law and not a county ordinance or policy, the officers were not acting as "servants of the County…." *Doc. 134* at 4-5 (*citing Cal First Bank*, 111 N.M. at 70). This contention greatly exaggerates the holding of *California First Bank* which dealt with an effort to hold deputies liable for their failure to enforce state law. In that case, the court held that the deputies could be liable if they were implementing an express county policy to not enforce laws in certain circumstances. *Cal. First Bank*, 111 N.M. at 70. That case does not stand for the proposition that a county law enforcement officer does not expose the county to vicarious liability if he is enforcing state law within his county.